# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

STEPHEN T. W.,

                         Plaintiff,

    -v.-

                                          6:20-CV-603
COMM'R OF SOCIAL SECURITY,                   (FJS/ATB),

                        Defendant.

PETER W. ANTONOWICZ, ESQ. for Plaintiff

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Presently before me is an application to proceed in forma pauperis ("IFP"), submitted by plaintiff, Stephen T. W. in connection with his claim for Social Security benefits. (Dkt. Nos. 1, 3).

**I.   IFP Application**

    **A.   Legal Standards**

The filing fee for a civil action in federal court is currently $350.00 with an administrative fee of $50.00. 42 U.S.C. § 1914(a) & (b).[1] The court is authorized to permit a litigant to proceed IFP if the court determines that the party is "unable to pay the required filing fee," and the court must determine whether the plaintiff has demonstrated sufficient economic need. *Maretta-Brooks v. Hanuszczak*, No. 5:18-CV-426, 2018 WL 2021480, at *2 (N.D.N.Y. Apr. 26, 2018) (citing 28 U.S.C. § 1915(a)(1)). The decision of whether to grant an application to proceed IFP rests within the discretion of the court. *Id.* (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983)). The plaintiff must demonstrate that "'paying such fees would constitute a

---

[1] The $50.00 administrative fee is consistent with the Judicial Conference Schedule of Fees. https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

serious hardship on the plaintiff, not that such payment would render plaintiff destitute.'" *Id.* (quoting inter alia *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007)).  The Second Circuit has stated that "'no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life.'" *Id.* (quoting *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983)).

### B. Application

In plaintiff's application to proceed IFP, he states that he has a household income of approximately $40,000.00[2] with expenses of approximately $17,000 per year.[3] (Dkt. No. 2).  He has cash in a bank account, a 2020 vehicle in addition to a 2011 vehicle, and money in retirement accounts.  The court understands that plaintiff is applying for Social Security disability benefits and is not employed.  However, plaintiff has not shown through his application that paying the filing fee would constitute a "serious hardship" or that he would be forced to choose between abandoning his claim or foregoing the necessities of life.  He has no children that he and his wife are supporting.  With $1,200.00 in the bank and other income, including income from rental property, it does not appear that plaintiff meets the financial eligibility requirements to proceed without payment of fees, notwithstanding his expenses.  Thus, the court must recommend denying IFP at this time.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's application to proceed IFP (Dkt. No. 3) be

---

[2] This figure includes plaintiff's wife's income which is derived from Social Security benefits. (Dkt. No. 3 at 1).

[3] The United States Department of Health and Human Services publishes yearly Poverty Guidelines. Those guidelines reflect that, for 2020, the poverty threshold for a household of two is $17,240.00. *See* United States Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines.

**DENIED**, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation, plaintiff be directed to pay the filing fee within **THIRTY (30) DAYS** of the court's order.  However, if plaintiff chooses to pay the filing fee, rather than object to the Recommendation, he is free to do so, and the case will proceed.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 4, 2020

                                                    Andrew T. Baxter
                                                    U.S. Magistrate Judge